**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

Civil Action No. 12-cv-02672-CMA-KMT

FIRST SPECIALTY INSURANCE
CORPORATION,

        Plaintiff,

v.

BCX DEVELOPMENT LLC  and TAYLOR
MORRISON OF COLORADO, INC. f/k/a
MORRISON HOMES OF COLORADO,
INC.

        Defendants.

**STIPULATION AND PROTECTIVE ORDER**

This matter having come before the Court by stipulation of Plaintiff First Specialty Insurance Corporation ("FSIC") and Defendant BCX Development LLC ("BCX") and Defendant Taylor Morrison of Colorado, Inc. f/k/a Morrison Homes of Colorado, Inc. ("Taylor Morrison"), (collectively, "the Parties"), for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. Any party may designate in good faith all or any part of a discovery response, motion, pleading, deposition, tangible item, or document which is disclosed, given, or provided to the Court, to any other party, or to any third-party witness, as "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL." Such designation is accomplished by marking the words "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL – Pursuant to Agreement," or substantially equivalent language, on the face of the item. Alternatively, a producing party may designate a document as "CONFIDENTIAL MATERIAL" by providing a written statement to this effect to the receiving parties before the document is provided or made available for inspection.

2. Except upon the prior written consent of the producing party, order of the court or as otherwise required by law, the parties shall treat all "CONFIDENTIAL MATERIAL" as Confidential. CONFIDENTIAL MATERIAL subject to this Agreement shall be used solely in connection with this action in the manner specified herein. All such documents and information shall be maintained by the parties to this action in a confidential manner and may be used in connection with this action, any directly related appeals, and related reinsurance matters, actions, arbitrations or litigation, if any. Persons receiving or requesting CONFIDENTIAL MATERIAL subject to this Agreement shall not use or advocate the use of such documents or information in any other action or litigation (unless obtained from sources other than this litigation).

The parties shall not disclose such documents or information contained therein to any person other than:

   a. counsel (whether "outside" or "inside") to a party and their respective paralegals and clerical or other support staff or services working on this matter;

2

      b.      officers, directors, employees, or agents of a party;

      c.      experts or consultants (including their respective employees or support staff) retained by a party in connection with this matter;

      d.      court reporting services, imaging, copying, and microfilm vendors; and litigation support vendors retained to assist in recording, preserving, organizing, filing, storing, and retrieving documents, information and data in connection with this action (collectively, "Vendors");

      e.      trial and deposition witnesses (and their counsel), provided that such individuals shall not be allowed to retain CONFIDENTIAL MATERIAL but may inspect it as necessary for purposes of preparation for examination;

      f.      the Court and its personnel in accordance with the provisions set forth below;

      g.      reinsurers, reinsurance intermediaries, claim-handling agents/ consultants, regulators, or auditors, if and as an insurer may be legally or contractually obligated to make such disclosure;

      h.      other persons agreed to in writing by the party that initially produced the material at issue; and

      i.      As otherwise permitted by this Stipulated Order.

3.      "CONFIDENTIAL MATERIAL" shall not be disclosed by a person receiving it in discovery in this litigation to any person identified in paragraph 2 unless and until the receiving person has notified such other person that the material is CONFIDENTIAL and subject to the restrictions imposed by this Stipulation and Protective Order.

4.      All depositions shall presumptively be treated as Confidential and subject to this Stipulation and Protective Order during the deposition and for a period of ten (10) days after a transcript of said depositions is received by counsel for each of the parties. Any party or person giving deposition testimony or counsel for a party in this action may designate all or part of a deposition transcript as "CONFIDENTIAL" by (a) stating on the record at the deposition that all or a specified part of such testimony is

"CONFIDENTIAL," or (b) giving written notice to each other counsel present at the deposition within ten (10) days after receipt of the deposition transcript of the parts of the testimony that are "CONFIDENTIAL."

5. Any information obtained from material or information properly designated as "CONFIDENTIAL" is also protected from public dissemination by this Stipulation and Protective Order.

6. "CONFIDENTIAL MATERIAL" may be attached or otherwise disclosed to the Court in connection with any motion, pleading or other communication relating to this matter, but the party disclosing it shall provide the Court with only a hard copy of such "CONFIDENTIAL MATERIAL" for its file and shall not file an electronic copy. Where such "CONFIDENTIAL MATERIAL" would otherwise have been present in any electronic filing, the electronically filed material shall bear the legend "Redacted – Confidential Per Stipulation and Protective Order." The filing party shall affirmatively take steps to advise the clerk of court that said material is CONFIDENTIAL and not being provided for public access of any form. A party may subsequently request that such material be made publicly available. Such material shall continue to be protected until such request is resolved.

7. Nothing in this Stipulation and Protective Order shall operate as an admission by any party that any particular document or information is, or is not, CONFIDENTIAL or admissible in evidence. Failure to challenge a "CONFIDENTIAL MATERIAL" designation shall not preclude a subsequent challenge hereto.

8. Nothing in this Stipulation and Protective Order shall preclude any party from using or disclosing either:

      a.      its own documents or information; or

      b.      documents or information that it has obtained by means other than the formal or informal provision of information in connection with this Action.

9.      If any party disputes the designation by any other party of any document, thing, or information as "CONFIDENTIAL MATERIAL," the parties shall attempt to resolve by agreement the question of whether or on what terms the document, thing, or information is entitled to CONFIDENTIAL treatment. If the parties are unable to agree whether or on what terms certain documents, things, or information should be designated as "CONFIDENTIAL MATERIAL," then any party may raise the matter with the Court for resolution. Until a resolution of the dispute is reached, all parties shall treat the designated document, thing, or information as "CONFIDENTIAL MATERIAL."

10.      The parties shall cooperate and take all reasonable steps to protect "CONFIDENTIAL MATERIAL" from disclosure. In the event that a non-party litigant or court or governmental body requests or purports to require the disclosure of any "CONFIDENTIAL MATERIAL," the party from whom disclosure is sought shall promptly give written notice to the other parties to enable each party to take such protective measures as may be necessary.

11.      In the event that any recipient of CONFIDENTIAL MATERIAL believes that disclosure of such documents or information is required by order of a court or arbitration tribunal, it shall give at least thirty (30) days' written notice (except it shall give immediate notice in the event the disclosure is required in less than thirty (30) days) to the party that produced the CONFIDENTIAL MATERIAL prior to disclosing such information. Such written notice shall set forth the CONFIDENTIAL MATERIAL which it proposes to disclose, the identity of each person to whom the documents or

5

information is to be disclosed, the circumstances pursuant to which disclosure is proposed to be made, and a request to consent to such disclosure. If CONFIDENTIAL MATERIAL is to be disclosed pursuant to order of a court or arbitration tribunal in another matter, any disclosure filed must be filed under seal (if permitted by such court, agency or tribunal) and designated subject to this Stipulation and Protective Order.

12. Should the need arise for any of the parties to disclose CONFIDENTIAL MATERIAL during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so if it preserves the confidentiality of the CONFIDENTIAL MATERIAL in substantially the manner provided in this Stipulated Order. To the extent reasonably practicable, that will include providing written notice of its intent to do so to all other parties at least seven (7) days prior to such hearing or trial so that the affected party may apply to the Court for adequate protective measures and only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such CONFIDENTIAL MATERIAL. Notwithstanding the foregoing, the Court may relieve a party of such prior written notice obligation if the need to use the CONFIDENTIAL MATERIAL was not reasonably anticipated or is in response to arguments or testimony presented by another party or as the interest of justice may require.

13. If a party or its counsel inadvertently produces a document or information that is "CONFIDENTIAL" without designating it as such, that party and/or its counsel may subsequently designate such material as "CONFIDENTIAL" as follows:

> Within 30 calendar days after discovery of its failure to designate, the producing party must give written notice of the inadvertent production without designation and state the reasons for the CONFIDENTIAL designation;
>
> Included with such notice, the producing party shall provide copies of such documents bearing the "CONFIDENTIAL" designation. All parties who received the inadvertently produced CONFIDENTIAL MATERIAL shall, to the extent practicable and reasonable, destroy all copies upon receipt of the replacement production with the CONFIDENTIAL designation.

Nothing in this paragraph shall prohibit a party from seeking appropriate relief from the Court in the event that any dispute arises relating to the purported inadvertent failure to make a designation of confidentiality.

14.     The duties of confidentiality set forth in this Stipulation and Protective Order shall survive the conclusion of this action. Parties and counsel who receive CONFIDENTIAL MATERIAL are under a continuing duty to take reasonable measures to protect such documents or information from unauthorized disclosure or dissemination.

At the conclusion of this action, all parties must either:

a.  return promptly all "CONFIDENTIAL MATERIAL," including copies thereof, to the producer; or

b.  destroy promptly all such material and copies thereof (and if a party does so, will certify to all other parties in writing that all "CONFIDENTIAL MATERIALS" have been destroyed).

**SO-ORDERED:**

_____
United State Magistrate Judge